### Henry G. Kuck v. John U. Fulfs.

1. SETTLEMENT—*How far Conclusive.*—When a settlement is relied upon, parol evidence is admissible to prove that some item was omitted either by fraud, accident or mistake, even though the settlement be evidenced by a written agreement.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Woodford County; the Hon. NATHANIEL W. GREEN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

WINSLOW EVANS, attorney for appellant.

THOMAS KENNEDY and JAMES A. RIELY, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit upon a promissory note

for $250, dated October 10, 1888, executed by appellant to appellee. Upon the first trial of the cause by a jury appellee recovered a verdict for $347.45. A motion for a new trial being granted, the cause was again tried by a jury, resulting in a verdict, for appellee for $357.20. The court overruled a motion for a new trial and rendered judgment on the verdict. The defense was based on an alleged settlement, in writing, which was introduced in evidence, and the controversy is over the question as to whether or not this note was included in the settlement. Appellant claims that it was, but appellee insists that it was not. It is urged as grounds of reversal that the court erred in admitting parol evidence upon this question, it being insisted that the instrument in writing containing the settlement is broad enough in its terms to show that the note was included. We think the court did not err in admitting the evidence. Where a settlement is relied upon, we understand it is always competent to show that some item was omitted, either by fraud, accident or mistake, and it is permissible to resort to parol testimony to show the fact. The terms of the settlement itself were somewhat ambiguous and may or may not have been intended to include the note. The only witnesses testifying upon the subject were appellant and appellee, and they squarely contradict each other as to whether the note was included in the settlement or not. It was for the jury to determine, if possible, which told the truth, and two juries having found for appellee, we see no reason for disturbing the verdict. Finding no serious error in the action of the court in admitting evidence, or the giving or refusing of instructions, the judgment will be affirmed.